IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

FILED
EASTERN DISTRICT OF TEXAS
AUG - 7 2013
DAVID J. MALAND, CLERK
BY
DEPUTY_____

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| v. | § NO. 4:13CR 164 |
| | § Judge Schell Bush |
| WILLIAM LAFON MUSGROVE | § |

## FACTUAL RESUME

Investigation by the Environmental Protection Agency, Criminal Investigation Division, and the Texas Commission on Environmental Quality, Criminal Investigation Division disclosed the following facts that establish that I, the Defendant, **William Lafon Musgrove**, violated Title 42, United States Code, Section 7413(c)(4) (Negligent Release of an Extremely Hazardous Substance). I accept the following factual basis as true and correct:

1. On or about June of 2011, **William Lafon Musgrove (Musgrove)** served as the vice president and operations manager for Industrial Precious Metals Recovery, Incorporated (IPMR). All of the following events also occurred during said time period.

2. IPMR utilized a recovery process that required a chemical solution known as "aqua regia" which is a combination of nitric and hydrochloric acids.

3. To recover the precious metals, IPMR heated the aqua regia solution in approximately twenty (20) to forty (40) household cooking crock-pots to approximately 150 degrees Fahrenheit and then placed the used aircraft parts into the heated solution.

4. This heating process dissolved the precious metals in the waste aircraft parts and then held the precious metals in the aqua regia solution. The precious metals were then filtered out of the aqua regia solution, collected, and melted into marketable ingots.

5. IPMR was recovering precious metals, utilizing the aqua regia process, at the facility in Royse City, Collin County, Texas, in the Eastern District of Texas.

6. This process resulted in the release of emissions that included nitrogen oxides (NOx or NO) into the ambient air.

7. Nitrogen Oxide (NOx or NO) is an "extremely hazardous substance" as defined and listed pursuant to Title 42, United States Code, Section 11002(a)(2) and 40 CFR, Part 355, and is not listed in section 7412 of Title 42.

8. IPMR was not utilizing a functional air scrubber at the Royse City facility. As a result, Nitrogen Oxide was emitted and released at ground level through an open doorway.

9. The IPMR facility in Royse City, Texas was adjacent to other commercial facilities with employees that were present during said Nitrogen Oxide emissions and releases.

10. **Musgrove**, in the exercise of due care, should have known that said release, of said substance, in said manner, negligently placed other persons in imminent danger of death or serious bodily injury.

11. The defendant, **Musgrove**, acknowledges that these facts constitute a violation of Title 42, United States Code, Section 7413(c)(4) (Negligent Release of an Extremely Hazardous Substance). He hereby stipulates that the facts described above are true and correct and accepts them as the uncontroverted facts of this case.

Dated: 8/7/2013

_____
Defendant

**Defendant's Counsel's Signature and Acknowledgment:**

I have read this Factual Resume and the Plea Agreement in this matter and have reviewed them with my client, **William Lafon Musgrove**. Based upon my discussions with my client, I am satisfied that he understands the terms and effects of the Factual Resume and the Plea Agreement and that he is signing this Factual Resume voluntarily.

Dated: 8/7/2013

_____
CYNTHIA J. BISHOP
Attorney for Defendant